# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHERINE BIRL, et al.,** | : | **Civil No. 3:22-CV-1598** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SKI SHAWNEE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

### I. Factual Background

This case arises out of what all acknowledge is a tragedy. Katherine and Damian Birl have filed a negligence lawsuit against Ski Shawnee arising out of a January 12, 2021 incident in which their minor son, G.B., suffered catastrophic injuries while snowboarding at Ski Shawnee when he collided with what is alleged to have a negligently and improperly placed and unprotected light post.

Given these allegations, the parties are now engaging in discovery in this case aimed at elucidating these claims of negligence, and come to the court with a discovery dispute regarding the discoverability of prior similar accidents at Ski Shawnee. This discovery dispute is framed by the plaintiffs' requests for production of documents 10 and 11 which seek the following information:

10. All documents and communications related to all prior accidents involving skiers and/or snowboarders colliding with light poles and/or any other fixed objects on Shawnee Mountain from 2000-present.

11. All documents and communications related to all prior accidents involving skiers and/or snowboarders on any terrain park on Shawnee Mountain from 2000-present.

(Doc. 33, at 9).

Ski Shawnee has responded to these discovery requests by stating that there have been no prior accidents involving this specific light pole. Beyond denying a specific prior history of accidents involving this specific light pole the defendants have objected to these requests for production, asserting that the requests are overly broad, unduly burdensome, and are not calculated to lead to the discovery of relevant information. Thus, the parties have staked out starkly contrasting positions regarding the discovery of other similar incidents in this litigation: The plaintiffs seek discovery of all accidents involving light poles, fixed objects, or terrain parks at Ski Shawnee for a twenty-year period. In contrast, the defendant seeks to limit discovery to any prior accidents involving the specific light pole involved in this particular incident.

This dispute has been fully briefed by the parties and is, therefore, ripe for resolution. For the reasons set forth below, it is ordered as follows: We will require Ski Shawnee to produce all documents and communications related to all prior accidents involving skiers and/or snowboarders colliding with light poles and/or any

other fixed objects on Shawnee Mountain, as well as all documents and communications related to all prior accidents involving skiers and/or snowboarders on any terrain park on Shawnee Mountain, for the period from October 1, 2015 through January 21, 2021.

## II. Discussion

Several principles guide us in resolving this discovery dispute. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action and prescribes certain limits to that discovery. In its current form, that rule provides as follows:

> **(b) Discovery Scope and Limits.**
>
> **(1) *Scope in General*.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is considered to be "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., No. 13-MD-2445, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401).

Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the court's judgment and discretion. Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); see also Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Although decisions relating to the scope of discovery rest with the discretion of the district court, that discretion is nevertheless limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is therefore restricted to valid claims of relevance and privilege." Robinson, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits. . . . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

"A party moving to compel bears the initial burden of showing the relevance of the requested information." Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that burden is satisfied, the party resisting the discovery has the burden to establish that the discovery being sought is not relevant or is otherwise inappropriate. Robinson, No. 14-227, 2016 WL 4678340, at *2.

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. <u>Wisniewski</u>, 812 F.2d at 90. Therefore, a court's decisions regarding the conduct of discovery, will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). Likewise, discovery sanction decisions rest in the sound discretion of the court. <u>Grider v. Keystone Health Plan Cent., Inc.</u>, 580 F.3d 119, 134 (3d Cir. 2009). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F.Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under

abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Accordingly, at the outset it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place

in defining the scope of discovery.' " <u>Fassett v. Sears Holdings Corp.</u>, 319 F.R.D.

143, 150 (M.D. Pa. 2017) (quoting <u>Wertz v. GEA Heat Exchangers Inc.</u>, No. 1:14-

CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

There are temporal and topical aspects to any proportionality analysis in a

discovery dispute. Defining the temporal and topical limitations of disputed

discovery is a task left to the sound discretion of the court. <u>See</u> <u>McConnell v.</u>

<u>Canadian Pac. Realty Co.</u>, 280 F.R.D. 188, 193 (M.D. Pa. 2011). When considering

topical limitations on discovery, in making our relevance and proportionality

assessment we are guided by the following familiar principles describing the

relevance of prior incident reports in a tort action:

> [E]vidence of prior accidents . . . under similar circumstances is
> admissible to show notice to the defendant of the danger, to
> show existence of the danger, and to show the cause of the accident." <u>Gumbs</u>
> <u>v. Int'l Harvester, Inc.</u>, 718 F.2d 88, 97 (3d Cir. 1983) (Becker, J.). That
> being said, "[t]he almost universal requirement, however, is that the
> prior occurrence must involve facts and circumstances which are
> substantially similar to those involved in the case under consideration
> or they will be excluded." <u>Barker v. Deere & Co.</u>, 60 F.3d 158, 162 (3d
> Cir. 1995) (Cowen, J.).

<u>Fassett</u>, 319 F.R.D. at 153.

As for temporal limitations on discovery, it is well settled that:

Rule 26's principles of:

> [P]roportionality [often] call for some further temporal limitations on
> the scope of this particular discovery, as well as topical limitations,
> pertaining to the matters at issue in this litigation. In the past, in the
> exercise of the court's discretion, courts have often set five year

temporal limits on discovery. <u>Miller v. Hygrade Food Prod. Corp.</u>, 89
F. Supp. 2d 643, 647 (E.D. Pa. 2000).

<u>Hamill v. Twin Cedars Senior Living, LLC</u>, No. 3:20-CV-231, 2020 WL 5082570,
at *3 (M.D. Pa. Aug. 27, 2020) (citing <u>Grayson v. Dewitt</u>, No. 1:15-CV-453, 2016
WL 5801699, at *6 (M.D. Pa. Oct. 5, 2016)).

Judged by these legal guideposts, we find that other incidents involving
injuries arising out of collisions with light poles or other fixed objects or injuries at
terrain parks would be potentially discoverable since, depending upon the factual
similarity of these prior incidents, these prior accident reports could constitute
"nonprivileged matter that is relevant to a[] party's claim or defense." Further, it
would be no barrier to this disclosure that the specific incidents might not be
admissible at trial since Rule 26 provides that: "Information within this scope of
discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P.
26(b)(1). Thus, in our view the threshold requirement of relevance is met here.[1]

We recognize, however, that the twenty year scope of these requests raises
questions of proportionality, so we must also consider whether the specific discovery

---

[1] The cases cited by Ski Shawnee all relate to the admissibility of other incident
evidence at trial, a question which is not now before us, and does not control here in
light of Rule 26's admonition that information need not be admissible in evidence
to be discoverable. Therefore, these cases do not control our analysis of this
discovery issue. And we hasten to add our discovery ruling does not preclude the
exclusion of any disclosed evidence of other incidents at trial. The issue of
discoverability and admissibility are separate and distinct.

sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here the issues at stake in this action are grave for all parties since this case entails claims of negligence leading to the catastrophic injury of a minor. Moreover, depending upon what this discovery reveals, resolution of this question could be vitally important to resolving the issues in this lawsuit. Further, the information at issue here regarding prior accidents at Ski Shawnee is exclusively in the possession of Ski Shawnee.

Taking all of these factors into consideration and recognizing that the evidence of these prior incidents goes to a question of vital importance in this litigation, namely; the issue of prior notice on the part of Ski Shawnee, we will nonetheless set some temporal limits on the scope of discovery in order to ensure proportionality.  Thus, in the first instance, while we will require Ski Shawnee to produce all documents and communications related to all prior accidents involving skiers and/or snowboarders colliding with light poles and/or any other fixed objects on Shawnee Mountain, as well as all documents and communications related to all prior accidents involving skiers and/or snowboarders on any terrain park on Shawnee Mountain, we will limit the initial temporal scope of this search to the five

ski seasons prior to this accident. Therefore, we will require Ski Shawnee to search for, and produce, any records that fall within the scope of this opinion and order for incidents from October 1, 2015 through January 21, 2021.

An appropriate order follows.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

DATED: May 31,  2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE BIRL, et al., | : | Civil No. 3:22-CV-1598 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SKI SHAWNEE, INC., | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 31st day of May 2023, in accordance with the accompanying memorandum, IT IS ORDERED that within 30 days Ski Shawnee shall produce  all documents and communications related to all prior accidents involving skiers and/or snowboarders colliding with light poles and/or any other fixed objects on Shawnee Mountain, as well as  all  documents  and  communications  related  to  all  prior accidents involving skiers and/or snowboarders on any terrain park on Shawnee Mountain, for the period from October 1, 2015 through January 21, 2021.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge